Scott Nance #11304
Logan Magnusson #16095
Dan Wilson and Associates
290 – 25th Street #204
Ogden, Utah 84401
Phone: (801) 621-6119

Ryan L. McBride, Esq. #16218
ryan@kazlg.com
Kazerouni Law Group
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (602) 900-1288
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **AIMEE MORRISON, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**CLEAR MANAGEMENT SOLUTIONS,**<br><br>Defendant. | **PROPOSED CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ AND UTAH CONSUMER SALES PRACTICES ACT.**<br><br>**Case No:**<br><br>**Judge:**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, AIMEE MORRISON ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

**CLASS ACTION COMPLAINT**
-1-

## NATURE OF THE CASE

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The Utah legislature has also enacted the Utah Consumer Sales Practices Act ("UCSPA"), which governs consumer transactions to "protect consumers from suppliers who commit deceptive and unconscionable sales practices," to promote "fair consumer sales practices." Utah Code Ann. § 13-11-2.

3. Plaintiff brings this action for herself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Clear Management Solutions, ("Defendant"), in negligently, knowingly, and/or willfully communicating with Plaintiff and the putative class in violation of the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* ("FDCPA"), and the UCSPA.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Utah.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns,

principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION & VENUE

8. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

9. Venue is proper in the United States District Court for the District of Utah because Plaintiff resides within the State of Utah and Defendant is a corporation with its headquarters located in West Valley City, Utah and regularly engages in business within this Judicial District.

## PARTIES

10. Plaintiff is a natural person residing in State of Utah, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and a "person" as defined in Utah Code Ann. § 13-11-3(5).

11. At all relevant times herein, Defendant, was a company engaged, by use of the mail and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) and a "person" as defined in Utah Code Ann.§ 13-11-3(5) and a "supplier" as defined in Utah Code Ann. §13-11-3(6).

12. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" and a "debt" as those terms are defined by 15 U.S.C. §1692a(5).

## FACTUAL ALLEGATIONS

13. Sometime before July 7, 2016, Plaintiff is alleged to have incurred certain financial obligations on behalf of her three minor children.

14.     These alleged financial obligations were money, property, or their equivalent, for personal, family and/or household purposes, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S.C. §1692a(5).

15.     Plaintiff's financial obligation also constitute a "consumer transaction" as defined by Utah Code Ann. § 13-11-3(2).

16.     Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff disputes the validity of Plaintiff's alleged debt.

17.     Subsequently, but sometime before October 2016 the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

18.     On or about October 14, 2016, Defendant corresponded with Plaintiff in writing for the first time about the alleged debt, requesting Plaintiff to "remit the balance due."

19.     Defendant's letter failed to provide Plaintiff with the meaningful disclosure of Defendant's identity and state that Defendant was a "debt collector" or a collection agency, as required under 15 U.S.C. § 1692e(11).

20.     Defendant's letter further failed to provide Plaintiff with the required 15 U.S.C. §1692g notice and state that the "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

21.     Defendant's letter failed to also include "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector" as required by 15 U.S.C. § 1692g(a)(4).

23     Defendant's letter failed to also include "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with

the name and address of the original creditor, if different from the current creditor," as required by 15 U.S.C. § 1692g(a)(5).

24. Upon information and belief, Defendant was never licensed and bonded collection agency, and failed to comply with the Utah registration laws and registration, as required under the Utah Fair Debt Collection Statute § 12-1-1.

25  As a result, Defendant unlawfully conducted collection activities in the state of Utah.

26. Since Defendant was required to comply with registration and licensing state laws and unauthorized to collect monies from consumers and thus, violated 15 U.S.C. § 1692e(5), attempted to collect debt when it was not legally authorized to do so.

27. Defendant's conduct violated UCSPA §§ 13-11-4 and 13-11-5 because it constituted deceptive and unconscionable practices and deceived consumers implying that it was legally authorized to collect debts.

28. As a result of Defendant's conduct set forth above, Plaintiff suffered actual damages in the form of mental anguish and emotional distress type damages, which manifested in symptoms including but not limited to frustration, anxiety, loss of sleep, embarrassment, and shame.

## CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "Class") defined as follows:

> The Class:
> All persons within the United States who received any collection letter from Defendant, which contained an identical or substantially similar language to those Plaintiff received from Defendant, within the one year prior to the filing of this Complaint.
>
> The Utah Subclass:
> All residents of Utah who received any collection letter from Defendant, which contained an identical or substantially similar language to those Plaintiff received from Defendant, within the

two years prior to the filing of this Complaint.

30. Plaintiff represents, and is a member of, the Class and Utah Subclass, consisting of all persons within the United States who received any collection letter from Defendant, which contained identical or substantially similar language to those Plaintiff received from Defendant, within the two years prior to the filing of this Complaint

31. Defendant, its employees and agents are excluded from the Class and Utah Subclass. Plaintiff does not know the number of members in the Class and Utah Subclass, but believes the Class and Utah Subclass members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

32. The Class and Utah Subclass is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class and Utah Subclass members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class and Utah Subclass includes hundreds of members. Plaintiff alleges that the Class and Utah Subclass members may be ascertained by the records maintained by Defendant.

33. Common questions of fact and law exist as to all members of the Class and Utah Subclass, which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between Class and Utah Subclass members, and which may be determined without reference to the individual circumstances of any Class and Utah Subclass members, include, but are not limited to, the following:

    a. Whether Defendant has a policy of communicating with consumers in connection with the collection of an alleged debt wherein Defendant fails to inform that Defendant is a debt collector;

    b. Whether Defendant always practices without the required collection licensing, and as such conducting unauthorized collection practice;

    c. Whether Defendant always fails to provide putative class members with

a § 1692g notice; and

   d. The nature and extent of damages and other remedies to which the conduct of Defendant entitles the Class and Utah Subclass members.

 34. As a person that received collection communication from Defendant wherein Defendant failed to inform her that Defendant is a debt collector, provide the required § 1692g notices, and collected Plaintiff's debt without the appropriate licensing, Plaintiff is asserting claims that are typical of the Class and Utah Subclass.

 35. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions and are well-versed in Fair Debt Collection Practices Act.

 36. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class and Utah Subclass members is impracticable. Even if every Class and Utah Subclass member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class and Utah Subclass member.

 37. The prosecution of separate actions by individual Class and Utah Subclass members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class and Utah Subclass members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class and Utah Subclass members to protect their interests.

 38. Defendant has acted or refused to act in respects generally applicable to the

Class and Utah Subclass, thereby making appropriate final and injunctive relief with regard to the members of the Class and Utah Subclass as a whole.

## COUNT I:

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

40. Based upon the foregoing, Defendant's conduct violated the FDCPA as follows:

   a) Failing to advise a consumer in all communications that Defendant is a debt collector (§ 1692e(11));

   b) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§ 1692e(11));

   c) Failing to register with the appropriate authorities and obtain required registration to collect debt as required by the Utah Fair Debt Collection Practices, and thus in violation of §1692e(5); and

   d) Failing to provide Plaintiff with the required notices in violation of § 1692g.

41. Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

42. As a direct and proximate result of Defendant's violations of the FDCPA, 15 U.S.C. § 1692 et seq., Plaintiff and the members of the Class have suffered injury, and may recover from Defendant up to one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k.

43. The violations of the FDCPA, 15 U.S.C. § 1692 et seq., described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff

is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## COUNT II

## UTAH CONSUMER SALES PRACTICE ACT ("UCSPA")

## (UTAH SUBCLASS ONLY)

44.     Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

45.     The foregoing acts and omissions constitute numerous and multiple violations of the UCSPA, including but not limited to each and every one of the above-cited provisions of the UCSPA, §§13-11-1 *et seq*.

46.     Defendant knew or should have known that practicing without the appropriate licensing, sending misleading and deceptive communication correspondence without disclosing that Defendant is a debt collector, and failing to provide the required § 1692g notice were unfair, deceptive, and unconscionable practices with intent to abusively extort payments from Plaintiff.

47.     Defendant's actions, omissions, communications would have mislead the least sophisticated consumer or any person of average intelligence.

49.     As a result of Defendant's violations of the UCSPA, Plaintiff suffered damages in an amount to be proven at trial for actual damages or $2,000.00 (whichever is higher), and attorney's fees and costs from Defendant pursuant to Utah Code Ann. § 13-11-19 and §78B-8-201.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and each of the Class members the following relief against Defendant:

///

///

///

## COUNT I:

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

1. That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;
2. For statutory damages up to $1,000.00 per class member, or of $500,00.00 or 1% of Defendant's net worth, whichever is the lesser, pursuant to 15 U.S.C. § 1692k;
3. For reasonable attorneys' fees and costs of suit;
4. For such further relief as this Court deems necessary, just, and proper.

## COUNT II

## UTAH CONSUMER SALES PRACTICE ACT ("UCSPA")

## (UTAH SUBCLASS ONLY)

1. That this action be certified as a class action on behalf of the Utah Subclass and Plaintiff be appointed as the representative of the Class and the Utah Subclass;
2. For statutory damages up to $2,000.00 per Utah Subclass member, pursuant to Utah Code Ann. § 13-11-19 and §78B-8-201;
3. For reasonable attorneys' fees and costs of suit;
4. For such further relief as this Court deems necessary, just, and proper.

///
///
///
///
///
///
///

## TRIAL BY JURY

50. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

                                  Respectfully submitted,

                             **KAZEROUNI LAW GROUP**

Date: April 10, 2017                    By: */s/Ryan L. McBride*, Esq
                                                       Ryan L. McBride, Esq.
                                                       Attorney for Plaintiff