## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **AIMEE MORRISON, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED,** | **ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| **Plaintiff,** | |
| **v.** | **Case No. 1:17-cv-51** |
| **CLEAR MANAGEMENT SOLUTIONS,** | **Judge Clark Waddoups** |
| **Defendant.** | |

Before the court is a Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion") (ECF No.62), in which the Parties request, pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminary approval of the proposed class action settlement that they reached following extensive arms-length negotiations in a Court ordered settlement conference conducted before Magistrate Judge Paul Kohler.  On December 18, 2019, the court held a hearing on the parties' motion at which it approved of the content of the parties' proposed Class Action Settlement Agreement (the "Agreement") but directed the parties to revise the proposed final notice that they submitted as party of their Preliminary Approval Motion.  Plaintiff submitted her revised notice on December 27, 2019.  Upon review of this revised document, the court **HEREBY GRANTS** the parties' Preliminary Approval Motion.  AS such, **IT IS HEREBY ORDERED**:

1.     <u>JURISDICTION</u>: The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2.     <u>PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT</u>:  The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the

Agreement, and the Exhibits thereto, as amended and revised, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class members, especially in light of the benefits to the Settlement Class members, the strength and weaknesses of the Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals. The Court finds that the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

3.    CLASS MEMBERS:  The settlement class is certified and defined as:

> All persons with addresses within Utah; who were sent any communication which was similar or identical to Plaintiff's Exhibit A on behalf of Utah Imaging Associates; to recover a consumer debt; in which this initial communication failed to provide the notice required by 15 U.S.C. § 1692g and/or 15 U.S.C. § 1692e(11); which were not returned undelivered by the United States Postal Service; from April 11, 2016 until April 11, 2017.

4.    NOTICE AND CLAIMS PROCESS: The Court approves the form and substance of the proposed notice procedure set forth in the Preliminary Approval Motion. Defendant will provide the name and last known addresses for the Settlement Class members obtained from its records to Claims Administrator, Angeion. Angeion shall mail the post card Notice to each Class Member at their last known address as provided by Defendant, and shall update those addresses for which notice is returned, then send a follow-up Notice to those addresses for which a more current address was obtained. The Notice shall reference a website established for this Settlement, and that website shall contain the details of the Settlement, including notice of the maximum settlement to which class members could be entitled.  The Notice shall also contain the Claims Administrator's toll-free telephone number so that the

Class Members can inquire about the Settlement. At least ten (10) days prior to the Final Approval Hearing, the Claims Administrator shall file a declaration of compliance with the notice procedures as set forth in the Agreement. The form and method for notifying the Class Members of the settlement and its terms and conditions satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constitutes the best notice practicable under the circumstances.  The Court finds that the notice process is designed to advise the Class Members of their rights.

5.     Further, the Court preliminarily approves the settlement in the form of a Cy Pres award to Utah Legal Services. Due to the statutory cap on damages and the large class size, distribution to individual class members would be burdensome and costly and result in only a nominal amount to each class member. Utah Legal Services is the appropriate recipient of the Cy Pres award because Utah Legal Services is the only statewide program that does consumer protection on a non-profit basis helping low-income Utah residents. The Cy Pres award will aid Utah Legal Services in assisting Utah consumers enforcing the protections due to them under the FDCPA.

6.     EXCLUSIONS: Any Settlement Class member who desires to be excluded from the class must send a written request for exclusion to the Claims Administrator, with a postmark date no later than the last date to file claims during the Claims Period. The Claims Administrator's address shall be provided in the notice mailed to the Class Members and also shall be posted on the website. The Claims Administrator shall provide a list of those persons requesting exclusion to Class Counsel and to Defendant's counsel after the deadline for exclusions passes, but no later than ten (10) days prior to the Final Approval Hearing. A copy of that list will be filed with the Parties' Motion for Final Approval of the Class Action Settlement.

7.      To be effective, the written request for exclusion must contain the person's name and address and be signed by the Settlement Class member.  They must also state generally that they wish to be excluded from the settlement.

8.      Any Settlement Class member who submits a valid and timely request for exclusion shall not be bound by the Agreement or settlement.

9.      <u>OBJECTIONS</u>: Any Settlement Class member who intends to object to the fairness of the Settlement must file a written objection with the Court no later than the last date to file claims during the Claims Period. Further, any such Settlement Class member must, within the same time period, provide a copy of the written objection to Class Counsel and Defense Counsel, whose addresses shall be set forth in the website's notice advising the Settlement Class members about objections.

10.     For an objection to be considered by the Court, the objection must also set forth: The name of the litigation; the objector's name, address, and telephone number; an explanation of the basis upon which the objector claims to be a Settlement Class Member; all grounds for the objections, accompanied by any supporting materials for the objection;  the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application; the identity of all counsel representing the objector who will appear at the Final Approval Hearing; a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and the objector's signature (an attorney's signature is not sufficient).

11.     Any Settlement Class member who does not file a valid and timely objection to the Settlement shall be barred from seeking review of the Settlement by appeal or otherwise.

12.  <u>FINAL APPROVAL HEARING</u>: A hearing (hereinafter the "Final Approval Hearing") will be held at **3:30 PM on June 4, 2020**, located at 351 S.W. Temple, Courtroom 8.100, Salt Lake City, UT 84101, to review the following issues:

   A.  Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class members and should be approved by the Court;

   B.  Whether the Final Judgment and Order of Dismissal With Prejudice, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against Released Parties;

   C.  To discuss and review other issues as this court deems appropriate.

13.  Attendance at the Final Approval Hearing is not necessary. Settlement Class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class members wishing to be heard are, however, required to indicate in their written objection whether they intend to appear at the Final Approval Hearing.

14.  The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.


Dated this 2nd day of January, 2020.


BY THE COURT:


Clark Waddoups
United States District Judge

5