David J. McGlothlin, Esq. (Admitted *Pro Hac Vice*)
david@kazlg.com
Ryan L. McBride, Esq. (UT SBN 16218)
ryan@kazlg.com
**KAZEROUNI LAW GROUP, APC**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (602) 900-1288
Facsimile: (800) 520-5523

*Attorneys for Plaintiff and the Class*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| **AIMEE MORRISON, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**EXPRESS RECOVERY SERVICES, INC. D/B/A CLEAR MANAGEMENT SOLUTIONS,**<br><br>Defendant. | **Case No.:** 1:17-cv-00051-CW-EJF<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**HON. CLARK WADDOUPS** |

# TABLE OF CONTENTS

Page No.

I. INTRODUCTION ........................................................................ 1

II. PROCEDURAL HISTORY .......................................................... 1

III. THE FDCPA AND CLASS ALLEGATIONS................................ 3

IV. FINAL APPROVAL IS WARRANTED ........................................ 4

    A. The Class Action Settlement Approval Process......................... 4

    B. The Settlement Is Fair, Adequate, And Reasonable................... 5

        1. The Settlement was fairly and honestly negotiated.............. 6

        2. Questions of fact and law exist. ........................................ 6

        3. The value of immediate recovery outweighs the possibility of future relief after protracted litigation. ........................................ 7

            i. In addition, the injunctive relief obtained through this Class Settlement is a term not specifically recoverable pursuant to the FDCPA................................................................... 8

        4. The Parties believe the settlement is fair and reasonable.................. 10

V. CLASS NOTICE ....................................................................... 11

    A. Dissemination of Class Notice ............................................. 11

    B. Response To Class Notice.................................................... 12

    C. Class Action Fairness Act ................................................... 12

VI. ATTORNEYS' FEES AND COSTS, AND SERVICE AWARD ............... 12

VII. COMPLIANCE WITH FED. R. CIV. P. 23(H).......................... 14

VIII. TELEPHONIC FINAL APPROVAL HEARING....................... 15

IX. CONCLUSION ........................................................................ 16

# TABLE OF AUTHORITIES

**Cases**                                                                              **Page No.**

*Ballard v. Equifax Check Services, Inc.*,

  186 F.R.D. 589 (E.D. Cal. 1999)........................................................................ 4

*Fager v. CenturyLink Communs., LLC.*,

  854 F.3d 1167 (10th Cir. 2016)........................................................................ 10

*Foti v. NCO Fin. Sys.*,

  2008 U.S. Dist. LEXIS 16511 (S.D.N.Y. Feb. 19, 2008) .................................. 8

*Gottlieb v. Wiles*,

  11 F.3d 1004 (10th Cir. 1993)....................................................................... 5, 7

*In re Mercury Interactive Corp. Sec. Litig.*,

  618 F.3d 988 (9th Cir. 2009)......................................................................... 14

*In Re Motor Fuel Temperature Sales Practices Litig.*,

  2017 U.S. App. LEXIS 16086 (10th Cir Aug. 23, 2017).................................. 10

*Jacobson v. Persolve, LLC*,

  2015 U.S. Dist. LEXIS 73313 (N.D. Cal. 2015)........................................... 9, 10

*Jones v. Nuclear Pharmacy, Inc.*,

  741 F.2d 322 (10th Cir. 1984)......................................................................... 6

*Kalish v. Karp & Kalamotousakis, LLP*,

  246 F.R.D. 461 (S.D.N.Y. 2007)...................................................................... 9

*Keele v. Wexler*,

  149 F. 3d 589 (7th Cir. 1998)......................................................................... 4

*Littledove v. JBC & Associates, Inc.*,

  2001 WL 42199 (E.D. Cal., January 11, 2001).................................................. 4

*Lowery v. City of Albuquerque*,

  2013 U.S. Dist. LEXIS 35626 (D.N.M. 2013)................................................... 6

*Mace v. Van Ru Credit Corp.*,

    109 F.3d 338 (7th Cir. 1997) ................................................................ 9

*New England Health Care Employees Fund v. Woodruff*,

    520 F.3d 1255 (10th Cir. 2008) ............................................................ 4

*Robles v. Brake Masters Systems, Inc.*,

    2011 U.S. Dist. LEXIS 14432 (D.N.M. 2011) .................................... 6

*Rutter & Wilbanks Corp. v. Shell Oil Co.*,

    314 F.3d 1180 (10th Cir. 2002) ............................................................ 5

*Schwarm v. Craighead*,

    233 F.R.D. 655 (E.D. Cal. 2006) ..................................................... 4, 8

*United States v. Hardage*,

    982 F.2d 1491 (10th Cir. 1993) ............................................................ 4

*Warcholek v. Medical Collection Sys., Inc.*,

    241 F.R.D. 291 (N.D. Ill. 2006) .......................................................... 9

**Statutes**

Class Action Fairness Act ("CAFA"),

    28 U.S.C. § 1715(b) .......................................................................... 12

Fair Debt Collection Practices Act ("FDCPA"),

    15 U.S.C. § 1692, *et seq.* ................................................................ 1, 4

**Other Authorities**

4 Alba Conte & Herbert B. Newberg,

    *Newberg on Class Actions* § 11.41 (4th Ed. 2002) .............................. 5

H. Newberg & A. Conte,

    4 Newberg on Class Actions § 11.41 (4th ed. 2002) .......................... 10

**Rules**

Fed. R. Civ. P. 23 ................................................................................ 5, 14

## I.    INTRODUCTION

Pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff AIMEE MORRISON ("Morrison" or "Plaintiff"), on behalf of herself individually and on behalf of the Class, hereby submits this Motion for Final Approval of Class Action Settlement, which is unopposed by Defendant EXPRESS RECOVERY SERVICES, INC. D/B/A CLEAR MANAGEMENT SOLUTIONS ("ERS" or "Defendant") except as to Attorneys' Fees and Costs. The terms of the Settlement are set forth in the Settlement Agreement previously filed before this Court at ECF No. 62-3 ("Agreement").

With this Motion, Morrison now seeks final approval of the Parties' Class Action Settlement because no facts have arisen that would call into question the Class Action Settlement being fair, adequate and/or reasonable. *Id*.  In fact, not a single consumer has objected to the settlement and only five (5) consumers have requested exclusion.  [Declaration of Claims Administrator Representative, Steven J. Giannotti ("Giannotti Decl."), ¶ 18].  As discussed in detail below, the proposed Settlement satisfies all criteria for settlement approval.

## II.    PROCEDURAL HISTORY

Plaintiff filed her complaint on April 11, 2017 alleging Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") by failing to provide the proper notices to Plaintiff and the class members. [ECF No.

2]. Plaintiff and Defendant completed discovery and each filed their respective Motions for Summary Judgment. [ECF Nos. 20 and 36]. Additionally, Plaintiff filed a Motion for Class Certification. [ECF No. 32]. The Court denied Defendant's Motion for Summary Judgment and granted both Plaintiff's Motion for Summary Judgment and Plaintiff's Motion for Class Certification. [ECF No. 47].

On June 25, 2019, the Parties participated in mediation with Magistrate Judge Paul Kohler regarding the only remaining claim at issue in the case, which was damages. At mediation, the Parties came to an agreement for a settlement fund of $20,000 to be paid by the Defendant. [ECF No. 62-3]. From this Settlement Fund, the parties have agreed that Plaintiff Aimee Morrison may request an incentive award of $2,000 and the remaining $18,000 shall be awarded in the form of a Cy Pres award to non-profit Utah Legal Services ("ULS"). *Id.* Additionally, the Parties agreed that Plaintiff would submit a Motion for Attorney's Fees and Costs. *Id.*

On August 29, 2019, Morrison filed a Motion for Preliminary Approval of Class Action Settlement and Memorandum in Support. [ECF No. 62]. Additionally, on August 29, 2019, the Plaintiff's proposed settlement agreement was submitted to the Court. [ECF No. 62-3]. Thereafter, the Court issued an Order granting the Motion for Preliminary Approval of the Class Action

Settlement on January 2, 2020.  [ECF No. 66]. The Order approved of the Parties'

proposed Notice procedure, directed distribution of notice to Class Members, set

the deadline for Morrison's request for attorneys' fees, and set a deadline for the

filing of the current Final Approval Motion. *Id*.

Subsequently, the Defendant provided the class administrator with a

different number of class members that was initially provided to Plaintiff in the

preliminary approval motion.  Defendant explained that the difference was based

on the fact there were duplicate mailings to some of the class members.  The

parties notified the Court of the discrepancy in a Joint Motion for Preliminary

Approval of Class Action Settlement on January 21, 2020. [ECF No. 67]. The

Court approved the supplemental Joint Motion for Preliminary Approval of Class

Action Settlement in an order on January 22, 2020. [ECF No. 68].  Plaintiff filed

Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Payment on February

28, 2020. [ECF No. 69]. The Final Approval hearing is set for June 4, 2020 at 3:30

p.m., where class counsel is seeking to have this Motion for Final Approval of the

Class Action Settlement as well as the Motion for Attorneys' Fees and Costs be

granted.

## III.    THE FDCPA AND CLASS ALLEGATIONS

In this putative class action, Morrison asserts that ERS violated the FDCPA

by failing to include required language in ERS's collection letter that limited

consumers' rights pursuant to 15 U.S.C. § 1692g. Congress expressly recognized the propriety and utility of class litigation for enforcement of consumers' rights under the FDCPA. As such, through enactment of 15 U.S.C. §§ 1692k(a)(2)(B) and (b)(2), Congress provided an express statutory mechanism for computation of class awards. *See* 15 U.S.C §§ 1692k(a)(2)(B) and (b)(2); *Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589 (E.D. Cal. 1999); *Littledove v. JBC & Associates, Inc.*, 2001 WL 42199 (E.D. Cal., January 11, 2001); *Schwarm v. Craighead*, 233 F.R.D. 655 (E.D. Cal. 2006); *Keele v. Wexler*, 149 F. 3d 589 (7th Cir. 1998).

## IV.  FINAL APPROVAL IS WARRANTED

The Parties believe that this Class Action Settlement should be finally approved. The Settlement not only provides a cy pres benefit of more than the FDCPA allows for, but also provides for injunctive relief that will prevent ERS from continuing to send out violating letters that limit notice to consumers of their rights under the FDCPA. [ECF No. 62-3].

### A. THE CLASS ACTION SETTLEMENT APPROVAL PROCESS

"[P]ublic policy strongly favor[s] the pretrial settlement of class action lawsuits…" *New England Health Care Employees Fund v. Woodruff*, 520 F.3d 1255, 1258 (10th Cir. 2008). The approval of a proposed settlement of a class action suit is a matter within the broad discretion of the trial court. *United States v. Hardage*, 982 F.2d 1491, 1495 (10th Cir. 1993); and, 4 Alba Conte & Herbert B.

Newberg, *Newberg on Class Actions* § 11.41 (4th Ed. 2002) (gathering cases). The traditional means for handling claims like those at issue here – individual litigation – would require a massive expenditure of public and private resources and, given the relatively small value of the claims of the proposed individual class members, would be impractical. Thus, the proposed Settlement is the best vehicle for Class Members to receive the relief to which they are entitled in a prompt and efficient manner.

**B. THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE.**

Before granting final approval of a class action settlement, a reviewing court must first find the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(A). The Tenth Circuit has identified four factors to be considered in assessing whether a proposed settlement is fair, reasonable and adequate:

> (1) Whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.

*Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002); *see also Gottlieb v. Wiles*, 11 F.3d 1004 (10th Cir. 1993).

## 1. The Settlement was fairly and honestly negotiated.

In evaluating the first factor, Courts have found settlements to be "fairly and honestly negotiated [since] the parties' experienced counsel engaged in arm's length settlement discussions." *Lowery v. City of Albuquerque*, 2013 U.S. Dist. LEXIS 35626, at *91-92 (D.N.M. 2013) citing to *Robles v. Brake Masters Systems, Inc.*, 2011 U.S. Dist. LEXIS 14432 (D.N.M. 2011).

Here, the Parties were represented by experienced counsel. Moreover, the Settlement is the culmination of hours of negotiation after lengthy and contested litigation, which required the assistance of Magistrate Judge Paul Kohler to finally resolve. Based on these exchanges and discussions, Plaintiff believes that the current settlement was negotiated fairly and honestly and is in the best interest of the class members. Declaration of David J. McGlothlin in Support of Plaintiff's Motion for Final Approval ("McGlothlin Decl.") ¶ 4. Thus, Plaintiff believes that this factor is satisfied.

## 2. Questions of fact and law exist.

The second factor examines "whether serious questions of law and fact exist, placing the ultimate outcome of litigation in doubt." *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984).

Here, Morrison contends that the question of damages is uncertain if there were to be a trial of damages, which is the only element left to be decided by this

Court. Defendant contends its net worth would result in an approximately $15,000 award for the class, which makes up about 1% of Defendant's net worth according to Defendant.

Plaintiff contends that Defendant's net worth may be higher, but Plaintiff would need an expert and spend an extraordinary amount of resources for an unlikely or negligible increase to the class recovery. Even if Plaintiff were to take all of these actions, it is possible Defendant's net worth is what Defendant contends it to be. Therefore, there is risk to the class that the damages would be lower than the $20,000 settlement should a trial commence. As such, Morrison contends that it is in the best interest of the class to accept the benefit of the damages of $20,000 and Morrison has acted accordingly by accepting said settlement. Thus, the Parties believe that this factor is satisfied.

### 3. The value of immediate recovery outweighs the possibility of future relief after protracted litigation.

Under the third factor, the "value is to be weighed not against the net worth of the defendant, but against the possibility of some greater relief at a later time, taking into consideration additional risks and costs that go hand in hand with protracted litigation." *Gottlieb v. Wiles*, 11 F.3d 1004, 1015 (10th Cir. 1993).

Here, greater relief for the class members is not likely even if further litigation ensued. "Damages under the FDCPA in a class action are limited to

$500,000 or 1% of Defendant's net worth, whichever is less. As discussed above, it is not likely the class would receive much more than the $20,000 settlement fund, and the class may even obtain less than $20,000, based on the information available to Plaintiff. Thus, the Parties believe that this factor is satisfied.

> i. *In addition, the injunctive relief obtained through this Class Settlement is a term not specifically recoverable pursuant to the FDCPA.*

As this Court is aware, the class members, as well as future consumers, also benefit from a change to ERS's written communications that will add the required disclosures. [ECF No. 62-3]. Further litigation could harm the consumers since this term may not be available at a later date. Moreover, inclusion of this term now, continues to further the policies behind class actions and the FDCPA.

Courts have approved final settlements based solely on injunctive relief when the monetary damages are so *de minimis* that the value of the injunction to the plaintiff outweighs the potential financial gain. *Foti v. NCO Fin. Sys.,* 2008 U.S. Dist. LEXIS 16511, at *12 (S.D.N.Y. Feb. 19, 2008) (approving class action settlement which offered only injunctive relief for a violation of the FDCPA); and, *Schwarm v. Craighead*, 233 F.R.D. 655, 662–63 (E.D. Cal. 2006). Such settlements, though small monetarily, effectuate the purpose of class actions and the FDCPA. *See Jacobson v. Persolve, LLC*, 2015 U.S. Dist. LEXIS 73313, at

*22-23 (N.D. Cal. 2015). Therein, *Jacobson* relied upon *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344-45 (7th Cir. 1997) which stated:

> [W]e believe that a de minimis recovery (in monetary terms) should not automatically bar a class action. The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor. True, the FDCPA allows for individual recoveries of up to $1000. But this assumes that the plaintiff will be aware of her rights, willing to subject herself to all the burdens of suing and able to find an attorney willing to take her case. These are considerations that cannot be dismissed lightly in assessing whether a class action or a series of individual lawsuits would be appropriate for pursuing the FDCPA's objections.

*Id*. citing to *Warcholek v. Medical Collection Sys., Inc.*, 241 F.R.D. 291, 295-96 (N.D. Ill. 2006) (certifying 23(b)(3) FDCPA class where defendant claimed negative net worth).

"Ultimately, the 'unfortunate reality…that most of Defendant's…FDCPA violations would probably go unnoticed absent this lawsuit" must be balanced against the possibility that any class recovery may be relatively minimal." *Jacobson*, 2015 U.S. Dist. LEXIS 73313, at *26-27 citing to *Kalish v. Karp & Kalamotousakis, LLP*, 246 F.R.D. 461, 464-65 (S.D.N.Y. 2007). "In light of the probability that most individual plaintiffs are unaware of their claims and because of the small incentives for bringing individual FDCPA claims, the Court finds that

class certification would be superior to any alternative, notwithstanding the possibility of a de minimis class recovery." *Id*.

Here, the class members will receive the benefit of the cy pres award if future legal services are needed, as opposed to a de minimis recovery, plus injunctive relief. Each of these two terms alone warrant final approval which makes the combination all that more beneficial. As such, continued litigation may cause ERS to refrain from agreement to the injunctive relief term in the future since the term is not directly available pursuant to the FDCPA. Thus, the Parties believe that this factor is satisfied.

### 4. The Parties believe the settlement is fair and reasonable.

The final factor for this Court is to consider "the judgment of the parties that the settlement is fair and reasonable." *In Re Motor Fuel Temperature Sales Practices Litig.*, 2017 U.S. App. LEXIS 16086, at *38 (10th Cir Aug. 23, 2017). Additionally, Courts also hold that "[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement." *Fager v. CenturyLink Communs., LLC.*, 854 F.3d 1167, 1175 (10th Cir. 2016) quoting H. Newberg & A. Conte, 4 Newberg on Class Actions § 11.41, at 108 (4th ed. 2002).

Here, the Parties, as well as counsel for the Parties, believe that this is a excellent settlement. McGlothlin Decl. ¶ 5. The class received more than what is

provided for as a cap to FDCPA recovery in class actions. Additionally, the class members will receive the benefit of the injunctive relief providing consumers with the proper notices under the FDCPA. Furthermore, there have been no objections of any kind to this settlement and only five (5) opt-outs. Thus, the Parties believe that this factor is satisfied.

## V.  CLASS NOTICE

### A. DISSEMINATION OF CLASS NOTICE

The Parties administered the notice process through the claims administrator, Angeion Group [Giannotti Decl., ¶ 3]. In accordance with the Settlement Agreement and this Court's Preliminary Approval Order, on January 31, 2020, Angeion caused the Postcard Notice to be mailed to the postal addresses on the Settlement class member list provided by Defendant. *Id*. at ¶ 6. The Class Notice provided detailed information regarding (a) class members' rights, including the manner in which objections and exclusions could be lodged; (b) the case's nature, history and progress; (c) the proposed settlement and reason for the settlement; (d) the settlement's benefits; (e) Class Counsel's requested fees and costs; (f) the Fairness Hearing's date, time and location; and, (g) Class Counsel's contact information. *Id*. The total invoice provided by the Class Administrator for costs for the class notice to date are $28,504.27, of which $2,704.10 has been paid

by Defendant. *Id*. at ¶¶ 20-21. Therefore, the outstanding amount currently owed for class notice is $25,800.17. *Id.*

## B. RESPONSE TO CLASS NOTICE

Out of all the class members that received notice, not a single consumer objected to the settlement and only five consumers requested exclusion. [Giannotti Decl., ¶ 18]. As such, Class Counsel believes the Settlement to be fair to the class members.

## C. CLASS ACTION FAIRNESS ACT

On January 10, 2020, the Claims Administrator served the Class Action Fairness Act ("CAFA") notice as required by 28 U.S.C. § 1715(b), on the appropriate Federal and State officials including the Attorney General of Utah and the United States Attorney General. *See* Giannotti Decl. ¶ 4. The notice was sent after 10 days of the filing of the Preliminary Approval Motion, but more than 90 days before the objection deadline. *Id.* More than 90 days have passed since service and the Parties have not received any objections from the Attorney General of Utah and the United States Attorney General. [McGlothlin Decl. ¶ 6]. Therefore, the Parties are in compliance with the 90-day waiting period pursuant 28 U.S.C. § 1715(d).

## VI. ATTORNEYS' FEES AND COSTS, AND SERVICE AWARD

At the Fairness Hearing, the Court will decide whether to finally approve the

Settlement and will also consider the Fee Brief requesting $177,801 in attorneys' fees and actual litigation costs (currently $9,003.72; an updated costs summary is attached as "Exhibit C"), class administration costs of $28,504.27 and a service award of $2,000 to the Class Representative. Attorneys' Fees and Costs are the only portion of the class action settlement between the Parties that is being opposed by Defendant. Defendant does not object to the incentive payment to Morrison.

Plaintiff directs the Court to the briefing regarding Plaintiff's Motion for Attorney Fees, Costs, and Incentive Payment for a full analysis of Attorneys' Fees and Costs. Moreover, since the Reply brief was submitted, Plaintiff's attorneys' hours spent on the case have increased significantly due to the correspondence with class members, the class administrator, Defendant, and subsequent briefing. Plaintiff's current lodestar is now over $133,000.00, which means that Plaintiff's request for a multiplier is now closer to 1.33 instead of the 1.5 multiplier request in Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Payment. [See Exhibit C]. Plaintiff requests the Court consider this updated number in determining the final amount of attorneys' fees that should be awarded.

In regards to class administration costs, Angeion, the class administrator has sent an outstanding invoice to Plaintiff in the amount of $25,800.17. [Giannotti Decl. ¶ 21]. Plaintiff requests the Court order Defendant to pay the class

administrator directly for these costs incurred relating to class administration. Alternatively, if the Court prefers that Defendant pay Plaintiff directly, Plaintiff requests Defendant pay the invoiced amount directly to Plaintiff within 30 days of the Order of Final Approval.

Therefore, Plaintiff respectfully requests that the Court enter an Order for $177,801 in attorneys fees; approximately $9,003.72 in costs (an update of final costs will be provided at the final hearing); and order Defendant to pay the class administrator $25,800.17 directly for class administration costs.

## VII.  **COMPLIANCE WITH FED. R. CIV. P. 23(H)**

Class members must be given an opportunity to review and the opportunity to object to Class Counsel's request for attorneys' fees. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2009). Therefore, in order to comply with Federal Rule of Civil Procedure 23(h) the parties agreed that such application shall be filed no later than 30 days prior to the objection deadline. [ECF No. 62-3]. Therefore, according to the Preliminary Approval Order, Class Counsel's motion for attorneys' fees and costs was due by February 28, 2020. Class Counsel filed such application with the court on February 28, 2020 [ECF No. 69] and Class Counsel's motion with all supporting documents was made available to the Settlement Class on the Settlement Website on March 2, 2020. [Giannotti Decl. ¶ 12]. The objection deadline was on April 1, 2020. Therefore, all class members had

adequate time to review Class Counsel's fee application and adequate time to file an objection based on those fees if they so desired. To date, nearly 90 days after notice was sent out, no objection as to Counsel's requested fees and costs have been received by Class Counsel, the claims administrator, or have been filed with the Court. [McGlothlin Decl. ¶ 6]. Furthermore, it is highly unlikely an objection will be filed by anybody other than the Defendant because the attorneys' fees and costs are separate from the Settlement Fund.

## VIII.  <u>TELEPHONIC FINAL APPROVAL HEARING</u>

Due to circumstances surrounding the COVID-19 situation and the restricted access to the Utah District Court, the Final Approval hearing set for June 4, 2020 at 3:30pm MST in Room 8.100 has been changed to a telephonic hearing. [McGlothlin Decl. ¶ 7]. Once the hearing was confirmed to be changed by the Court on April 29, 2020, the Parties took the following actions in order to give the class reasonable notice: 1) the class settlement website was updated to prominently display the change of hearing details; 2) the parties made arrangements to have a notice posted outside of the Utah District Court in Salt Lake City notifying class members of the change; and 3) Class counsel mailed letters to the five (5) persons who submitted opt-out requests notifying them of the change. *Id.* at ¶ 8. Furthermore, the long-form notice initially provided to class members indicated "[t]he hearing may be moved to a different date or time without additional notice,

so it is a good idea to check www.ClearManagementFDCPAClassAction.com for updates. [ECF No. 62-5].  Based on the steps taken Plaintiff believes the Parties have taken all reasonably practicable steps to notify class members of the fact that the hearing will be held telephonically and not in person. [McGlothlin Decl. ¶ 9]

## IX.    CONCLUSION

For all of the foregoing reasons, the Parties respectfully request this Court enter an Order granting final approval of the Settlement.  The settlement provides a Settlement Fund that exceeds the maximum permitted to the class by law; benefits all consumers from being misled by the communication at issue herein; and, achieves the goal of FDCPA class actions.


Dated: May 1, 2020                    KAZEROUNI LAW GROUP, APC

                                      By:  /s/ Ryan L. McBride
                                          Ryan L. McBride, Esq.
                                          David J. McGlothlin, Esq.
                                          *Attorneys for Plaintiff and Putative the Class*

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing *Motion for Final Approval* has been filed this 1st day of May 2020, through the Court's electronic filing system.  All parties may access the foregoing via the Court's electronic filing system.

By: /s/ Ryan L. McBride
       Ryan L. McBride, Esq.